UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARAY T. MORRIS,<br><br>    Petitioner,<br><br>  v.<br><br>TONY MALFI, warden,<br><br>    Respondent.<br>_____ / | No. C 06-7409 SI (pr)<br><br>**ORDER ON INITIAL REVIEW AND APPOINTING COUNSEL** |

## INTRODUCTION

Taray T. Morris, a prisoner incarcerated at the California State Prison - Sacramento, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Morris' petition alleges that he was convicted on a guilty plea in Monterey County Superior Court of being a prisoner in possession of a weapon and was sentenced in 2004 to life imprisonment with the possibility of parole. See Cal. Penal Code § 4502. His petition includes a mental incompetence claim. Attachments to the petition indicate that Morris has been diagnosed as having chronic paranoid schizophrenia and was involuntarily medicated for that condition during at least part of 2006. The petition alleges that Morris sought relief in state courts before filing his federal petition.

# DISCUSSION

A. <u>Review of Petition</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

The petition raises several claims. The first claim in the petition alleges that Morris' criminal case was adjudicated while he was mentally incompetent. A criminal defendant may not be tried unless he is competent and he may not waive his right to counsel or plead guilty unless he does so competently and intelligently. See <u>Godinez v. Moran</u>, 509 U.S. 389, 396 (1993). The conviction of a defendant while legally incompetent violates due process. See <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 510 (9th Cir. 1994). Liberally construed, the claim is cognizable in a federal habeas action.

The second claim in the petition alleges that Morris was denied counsel to represent him in the criminal case against him. Liberally construed, the claim that a criminal defendant was denied counsel states a cognizable claim for a denial of the Sixth Amendment right to counsel.

The third and fourth claims in the petition allege that he was denied his jury trial rights. These are not independent claims for relief but are instead the consequence of a guilty plea. A guilty plea (if valid) includes a waiver of the right to a jury trial, so the question is whether the guilty plea was valid. There is no independent claim for the denial of a jury trial, as there would be no independent claim for the denial of the other constitutional rights a defendant waives when he pleads guilty.

B. <u>Appointment of Counsel</u>

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir.), <u>cert. denied</u>, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(g) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The court must appoint counsel where the complexities of the case are such that denial of counsel would amount to a denial of due process, <u>Chaney v. Lewis</u>, 801 F.2d 1191, 1196 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1023 (1987); <u>Brown v. United States</u>, 623 F.2d 54, 61 (9th Cir. 1980).

Although Morris has not requested representation by counsel, the record contains information that suggests appointment of counsel is appropriate: the record indicates that Morris suffers from a chronic and severe mental illness, may have been mentally incompetent to plead guilty, may have done so without the assistance of counsel, and may have received a sentence that does not match the crime of which he was convicted. Appointment of counsel is warranted in this case. The court will refer this matter to the Federal Public Defender to find representation for petitioner.

The court will <u>not</u> today issue an order to show cause or set any briefing schedule for the petition. This is because it is quite possible that, once an attorney is located to represent Morris, that attorney will wish to amend the petition. Therefore, the court will wait until the notified by the Federal Public Defender's office as to which attorney will represent petitioner to issue any briefing schedule.

Although this action is now referred for appointment of counsel, Morris must file an <u>in forma pauperis</u> application to demonstrate that he is indigent so that the expenditure of public funds for counsel is warranted. The court therefore will order him to file an application and will reconsider the appointment of counsel if it turns out that he is not indigent. (There is not an <u>in forma pauperis</u> application on file and the $5.00 filing fee for this action was paid.)

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2. This matter is referred to the Federal Public Defender to find an attorney to represent petitioner. The clerk shall provide a copy of this order and the rest of the materials in the case file to the Federal Public Defender's Office in San Francisco. Upon being notified by the Federal Public Defender's Office that an attorney has been located to represent petitioner, the court will appoint that attorney as counsel for petitioner in this matter until further order of the court.

3. Petitioner must file an <u>in forma pauperis</u> application no later than **June 1, 2007**.

IT IS SO ORDERED.

DATED: April 2, 2007

_____
SUSAN ILLSTON
United States District Judge