1

2

3

4

5        UNITED STATES DISTRICT COURT

6        NORTHERN DISTRICT OF CALIFORNIA

7

8   TARAY T. MORRIS,                          No. C 06-7409 SI (pr)

9            Petitioner,                      **ORDER (1) APPOINTING COUNSEL**
                                              **FOR PETITIONER AND (2) FOR**
10       v.                                   **SCHEDULING**

11  TONY MALFI, warden,

12           Respondent.
                                    /
13

14  A.   Appointment Of Attorney Luban to Represent Petitioner

15       Taray T. Morris filed this action pro se, seeking a writ of habeas corpus pursuant to 28

16  U.S.C. § 2254.  The court issued an Order On Initial Review And Appointing Counsel, referring

17  the matter to the Federal Public Defender's Office to find counsel to represent petitioner.

18  Attorney Suzanne A. Luban has been identified as the attorney who will represent Morris.

19       Accordingly, the court now appoints attorney Suzanne A. Luban as counsel to represent

20  petitioner in this action See 18 U.S.C. § 3006A.  The appointment is effective as of June 1, 2007.

21  Counsel should seek reimbursement from the Federal Public Defender's Office in San Francisco

22  in accord with 18 U.S.C. § 3006A(d) and (e).

23

24  B.   The Need For A Case Management Conference

25       The court decided that counsel was needed to represent Morris in light of some alarming

26  information in the petition, i.e., the allegations/intimations that Morris received a sentence of life

27  imprisonment for possession of a weapon in prison (as that would be greatly in excess of that

28  provided for in California Penal Code § 4502), that he was convicted while incompetent, and

United States District Court
For the Northern District of California

that he was completely denied counsel. After issuing that order, the court searched on Westlaw and PACER (i.e., the electronic records of federal court docket sheets), and found some information that puts Morris' habeas action in a much less compelling light.

Morris apparently has an extensive criminal history and is already in prison for the rest of his life regardless of what happens here. He is serving a sentence of life imprisonment without the possibility of parole plus 25 years to life (for first degree murder with the special circumstance that the murder was committed during an attempted robbery, attempted second degree murder) <u>consecutive</u> to a sentence of 95 years to life imprisonment (for carjacking, possession of a firearm, evading an officer, unlawful driving or taking a vehicle with two prior convictions). <u>See</u> <u>People v. Morris</u>, 2002 WL 471334 (Cal. Ct. App. 2002); <u>People v. Morris</u>, 2002 WL 454289 (Cal. Ct. App. 2002). Morris' federal habeas petition challenging the murder/robbery convictions was denied in 2004 and not appealed, <u>see Morris v. Lamarque</u>, C. D. Cal. No. CV 03-4093-GMK, and it does not appear that a federal habeas petition was filed for the other convictions. These lengthy sentences that have been upheld mean that success in this action almost certainly would not mean freedom or any real change in the length of time Morris remains in custody. The decisions cited also are quite revealing in that none of them raise incompetency claims, although one of the state actions makes reference to head injuries suffered by Morris. It also appears that Morris may have filed a separate federal petition that tried to challenge the propriety of the involuntary medication order, although the record is not very clear on that. <u>See</u> March 14, 2007 Order Dismissing Action in <u>Morris v. State of California</u>, C. D. Cal. No. CV 06-7992-GMK ("The Court was not clear as to what Petitioner was trying to accomplish with the filing, i.e., whether he was challenging his confinement per se, or the state's administration of psychotropic medications, or something else.") This information causes the court concern about the accuracy of certain allegations in Morris' petition – which the court recognizes was prepared <u>pro se</u> and not by newly appointed attorney Luban – as well as the reasonableness of any wide-ranging inquiry into Morris' competency.

United States District Court
For the Northern District of California

In addition to the foregoing, certain federal habeas rules cause the court some concern whether inquiry into petitioner's competence is an appropriate step at this point. A petitioner must exhaust state court remedies as to any claims he presents in federal habeas, <u>see</u> 28 U.S.C. § 2254(b), and appointment under § 3006A does not include funding to return to state court to present claims there. <u>See generally</u> <u>In re Lindsey</u>, 875 F.2d 1502, 1506-07 (11th Cir. 1989). A petitioner also generally should have developed the factual basis of his claim in state court before he gets to federal court. <u>See</u> 28 U.S.C. § 2254(e)(2). A federal habeas action usually is not the place for a petitioner to <u>start</u> investigating and developing his factual presentation.

A case management conference will be set for this action. The parties (through counsel) must prepare a joint case management conference statement and file it no less than <u>five days</u> before the conference. The statement should include the following information: (1) whether petitioner intends to amend the petition and, if so, a proposed briefing schedule for the motion to amend, (2) whether respondent intends to file any motion to dismiss or other procedural motion and, if so, a proposed briefing schedule for the motion, (3) whether and what discovery is contemplated, and (4) whether the parties can stipulate to any of these matters.

No later than <u>five days</u> before the conference, <u>respondent</u> shall file and serve (1) a copy of the briefs filed in Morris' state habeas cases in the California Court of Appeal and the California Supreme Court challenging his 2004 prisoner-with-a-weapon conviction, (2) a copy of the abstract of judgment for that conviction, (3) the transcript of the plea colloquy, if any was prepared, and (4) any documentation that may indicate whether an attorney was ever appointed to represent petitioner in the action. The court has imposed this production duty on respondent rather than petitioner's counsel because respondent's counsel has easier access to the materials requested.

/   /   /

/   /   /

/   /   /

3

**United States District Court**
For the Northern District of California

1    C.    Scheduling And Miscellany

2         1.    A case management conference will be held in this action at 2:00 p.m. on July 27,

3    2007.  Petitioner need not be present at the conference.

4         2.    Petitioner's in forma pauperis application is GRANTED.  (Docket # 5.)

5         3.    The clerk will send a copy of this order to attorney Luban and the Federal Public

6    Defender's Office in San Francisco.

7         4.    The clerk will send a copy of the contents of this case file and a copy of this order

8    to Deputy Attorney General Juliet Haley at the California Attorney General's office at 455

9    Golden Gate Avenue, San Francisco, CA 94102.  (Attorney Haley has informed court staff that

10   she will represent respondent or forward the case to another appropriate attorney in the office

11   to represent respondent.)

12        IT IS SO ORDERED.

13   DATED: 6/29/07                                _____
                                                      SUSAN ILLSTON
14                                                 United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                       4