IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARAY T. MORRIS, | C 06-7409 SI |
|     Petitioner, | **ORDER DENYING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| TONY MALFI, Warden | |
|     Respondent. | |

Taray Morris filed a petition for writ of habeas corpus, challenging a 2004 conviction. Now before the court for consideration is respondent's motion to dismiss the petition as untimely. Petitioner contends that his petition is timely because he is entitled to equitable tolling due to mental illness.

**BACKGROUND**

**I.    Procedural History**

Petitioner pled guilty to possession of a deadly weapon and assault with great bodily injury on April 27, 2004. Petitioner did not appeal. Judgment in petitioner's conviction became final on June 26, 2004, 60 days after his conviction. On October 17, 2005, with the assistance of a fellow inmate, petitioner filed a habeas petition in state court claiming that his constitutional rights were violated because he was mentally incompetent at time of plea. The state court denied the petition on November 28, 2005 on the ground that petitioner's claims were better raised on appeal instead of on a habeas petition.

Petitioner then filed separate petitions in the California Court of Appeals for the First Appellate District on March 21, 2006 and the California Supreme Court on March 22, 2006. The appellate court

denied this petition without prejudice to filing a new petition in the Sixth Appellate District Court of Appeal. Petitioner filed a petition with the Sixth Appellate District on April 6, 2006. That appellate court denied this petition on May 2, 2006. The California Supreme Court denied the other petition on November 15, 2006. Morris filed this federal habeas petition on December 4, 2006.

## II.  Mental Health History

Petitioner's mental health history encompasses a genetic predisposition for schizophrenia, severe head trauma, and hallucinations. Despite this history, respondent points to several pieces of evidence indicating that petitioner was not mentally ill following his conviction. For example, in June 2004, petitioner was able to pursue his legal rights within the prison system by filing complaints against prison staff. On September 29, 2004 and November 17, 2004, mental health professionals screened petitioner and evaluated him as "clear," "alert," and "focused."

Respondent does not identify any evidence demonstrating that petitioner was not mentally ill after November 17, 2004, the last date psychiatric professionals found petitioner mentally healthy. On February 10, 2005, petitioner referred himself, at his cellmate's urging, to prison psychiatric staff because of auditory hallucinations and paranoid ideation. On May 17, 2005, a prison psychiatrist diagnosed petitioner with head injury psychosis and/or paranoid schizophrenia and prescribed anti-psychotic medication. On May 28, 2005, petitioner was placed in the prison's Enhanced Outpatient Program. The Program assessed him as severely paranoid and having poor reality testing. Petitioner stopped taking his medicine, and by February 17, 2006, prison doctors began to involuntarily medicate him. Doctors have continued to involuntarily medicate petitioner since that date.

## LEGAL STANDARD

Under AEDPA, petitioner has one year from the date on which judgment becomes final to initiate a federal habeas action. 28 U.S.C. § 2244(d)(1). The one-year limitation period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *cert. denied*, 523 U.S. 1, *and cert. denied*, 523 U.S. 1061 (1998), *overruled in part on other grounds by Calderon v. United States District*

*Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc), *cert. denied*, 526 U.S. 1060 (1999).

Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long been used in the Ninth Circuit was that equitable tolling would not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288 (citation and internal quotation marks omitted). Despite the unequivocal "impossible" language, the Ninth Circuit has used the standard to allow equitable tolling when it was merely unlikely that a petitioner would be able to timely file. *Harris v. Carter*, 515 F.3d 1051, 1055 n.5 (9th Cir. 2008). The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); *Raspberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace*); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The Ninth Circuit has applied both standards since *Pace* was decided. *See Harris*, 515 F.3d at 1055.

**DISCUSSION**

Petitioner contends that he is entitled to equitable tolling from at least February 10, 2005, when he was referred to prison psychiatric staff for hallucinations and paranoid ideation, because his mental illness made it impossible for him to file a petition on time. Petitioner offers uncontroverted evidence that he had acute psychiatric symptoms at least as early as February 10, 2005. Petitioner's psychiatric problems became severe enough that prison psychologists had to involuntarily medicate him beginning in 2006.

Respondent does not contest petitioner's mental illness from February 10, 2005 to present. Instead, citing *Lopez*, respondent contends that petitioner's mental illness was not severe enough to justify equitable tolling. *Lopez v. Felker*, 536 F. Supp. 2d 1154 (C.D. Cal. 2008). In *Lopez*, the petitioner

3

waited more than one year after his psychological problems stabilized to file his application, and the court held that his mental illness was not severe enough to justify equitable tolling. *See id.* at 1159-60. Petitioner's condition has never stabilized.

The Court finds that petitioner's mental illness was severe enough to justify equitable tolling under either the *Pace* or *Beeler* standards. From February 10, 2005 to present, petitioner's mental illness was an extraordinary circumstance that made it highly unlikely that he would be able to file a petition. Accordingly, petitioner has established, for the purposes of this motion, that he is entitled to equitable tolling from February 10, 2005 onward.[1]

## CONCLUSION

For the foregoing reasons, the Court DENIES respondent's motion to dismiss. (Docket No. 18). The Court DENIES petitioner's request to stay proceedings pending an independent psychiatric evaluation as moot. Respondent shall an answer by **August 11, 2008**, and petitioner may file a traverse by **September 11, 2008**.

**IT IS SO ORDERED.**

Dated: July 21, 2008

SUSAN ILLSTON
United States District Judge

---

[1] Respondent also advances a number of arguments directed to the merits of petitioner's claim. Respondent may renew these contentions in the answer.