SUZANNE A. LUBAN
Attorney at Law
State Bar No.: 120629
3758 Grand Ave. #4c
Oakland, California 94610
Telephone 510/832-3555

Attorney for Petitioner
TARAY T. MORRIS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARAY T. MORRIS ) | Case No.: C 06-7409 |
| ) | |
| Petitioner, ) | PETITIONER'S NOTICE OF |
| ) | MOTION AND MOTION |
| vs. ) | TO STAY FILING OF TRAVERSE |
| ) | PENDING INVESTIGATION, |
| TONY MALFI, Warden, et al. ) | AND PROPOSED ORDER |
| ) | |
| Respondent. ) | |
| _____ ) | Judge: Hon. Susan Ilston |

To: Respondent Warden Tony Malfi, Attorney General Edmund G. Brown, Jr., and Deputy Attorney General Michael D. O'Reilly

Petitioner TARAY T. MORRIS hereby moves this Court to stay the Order directing him to file a Traverse 30 days after the respondent's filing of the Answer,[1] to enable him to obtain additional evidence to support his claims. This Motion is being submitted without setting a hearing date, unless the Court wishes to hear argument from the parties.

In this Court's order denying the respondent's motion to dismiss the Amended Petition, the Court found that the petition was filed timely. In the context of that

---

[1] This Court's Order filed July 21, 2008 directed the respondent to file his Answer by August 11, 2008 and petitioner to file a Traverse by September 11, 2008. However, respondent obtained an unopposed extension of time and filed the Answer on September 9, 2008. Accordingly, the Traverse would be due on October 9, 2008.

1

1 determination, the Court found that respondent did not point to any evidence that
2 petitioner was not mentally ill after November 17, 2004, the last date prison psychiatric
3 professionals issued a finding that petitioner was mentally healthy. The Court noted
4 that petitioner referred himself to the psychiatric staff on February 10, 2005, based on
5 auditory hallucinations and paranoid ideation, and that on May 17, 2005 he was
6 diagnosed with head injury psychosis and/or paranoid schizophrenia. (7/21/08 Order
7 p.2.) Based on medical evidence already submitted, petitioner suffered two head
8 injuries in his childhood (he received severe blunt trauma injuries to the head in a car
9 accident at age 5, and was shot in the head at age 13), and undisputably severe brain
10 trauma from a violent assault on February 18, 1999, which placed him in a three-week-
11 long coma and caused permanent traumatic brain injury. All of these head injuries
12 occurred prior to the commission in October 1999, six months after his discharge from
13 long-term rehabilitative hospitalization, of the murder and carjacking that led to the two
14 other life sentences which petitioner is serving, and certainly prior to the April 27, 2004
15 plea and conviction for the assault offense that is the underlying case under attack in
16 this habeas case. Petitioner has asserted that his illness predated the conviction in this
17 case, and that his illness was responsible for his failure to disclose, and prison officials'
18 failure to detect his illness. In particular, the hallucinations directed petitioner not to tell
19 anyone about the voices he was hearing, and otherwise directed and controlled his
20 behavior. As the Court has noted, Mr. Morris's illness has never abated, and he remains
21 subject to auditory and visual hallucinations despite the involuntary medication
22 protocol, although the degree of intrusiveness of the hallucinations is somewhat abated
23 by the medication.
24     Petitioner will submit a separate <u>ex parte</u> request for expert funding to
25 accomplish this evidence-gathering, upon selecting the appropriate and qualified expert,
26 hopefully within 14 days of this filing. Petitioner is seeking leave to expend CJA funds
27 to retain a psychiatric expert to evaluate the information provided by the prison

psychiatric staff and to examine petitioner to determine the probable state of his mental health on April 27, 2004. Petitioner remains incarcerated at California State Prison Sacramento, serving his consecutive life sentences. Deputy Attorney General Michael O'Reilly has advised the undersigned that he has no objection to extending petitioner's time to file the Traverse, but that this does not mean that he supports CJA funding for further psychiatric evaluations.

Therefore, is requested that petitioner's obligation to file his Traverse be delayed for a reasonable time while the expert investigation takes place, with petitioner's counsel to provide a status report to the Court within 45 days after the approval of CJA funds, if such approval is granted.

DATED: September 22, 2008          Respectfully submitted,


/S/ Suzanne A. Luban
SUZANNE A. LUBAN
Counsel for TARAY T. MORRIS

_____

### ORDER

For Good Cause Shown, IT IS SO ORDERED.

Dated:

_____
HON. SUSAN ILLSTON
U.S. District Court Judge