IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TARAY T. MORRIS,

    Petitioner,

v.

TONY MALFI, Warden, *et al.*,

    Respondents.

No. C 06-7409 SI

**ORDER GRANTING PETITIONER'S MOTION TO AUGMENT THE RECORD**

In this petition for writ of habeas corpus, petitioner challenges his 2004 conviction, pursuant to a guilty plea, for possession of a weapon while incarcerated.[1] Petitioner waived his right to counsel and represented himself in the 2004 case. In the instant petition, petitioner raises three challenges to the 2004 conviction. First, petitioner contends that he was denied substantive due process when he was tried, adjudicated and sentenced in 2004 while mentally incompetent. Second, he contends that he was denied his right to assistance of counsel because he was incompetent and did not validly waive his right to counsel. Third, petitioner contends that he was denied his right to a jury trial because he was incompetent and did not validly waive his right to trial.

Petitioner has filed a motion to augment the record to include the October 19, 2009 declaration of Natasha Khazanov, Ph.D, and the Bates stamped documents that Dr. Khazanov reviewed in preparation for rendering her expert opinions in this case, pages 00001 through 000407. Dr. Khazanov is a neuropsychologist, and in her declaration she opines about petitioner's mental state and concludes,

---

[1] Petitioner is presently serving a life sentence without the possibility of parole as a result of having been convicted in 1999 of first degree murder with special circumstances. Petitioner is serving that sentence consecutive to a sentence of 95 years to life imprisonment. Those sentences are not the subject of the instant petition.

*inter alia*, that petitioner suffers from "significant organic brain damage and chronic psychopathology," that petitioner was "seriously mentally impaired" as early as 1999, and that petitioner could not have knowingly and intelligently entered the guilty plea in 2004. Petitioner contends that Dr. Khazanov's declaration, and the materials that she reviewed in preparing that declaration, are directly relevant to his claims that he was mentally incompetent in 2004 when he waived his right to counsel and entered the guilty plea.

Petitioner moves to expand the record pursuant to Rule 7 of the Rules Governing § 2254 Cases, which provides that "[i]f a petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Petitioners seeking relief based on new evidence must either meet the requirements of 28 U.S.C. § 2254(e)(2)[2] or show that they exercised diligence to develop the factual basis of the claims in state court. *See Holland v. Jackson*, 542 U.S. 649, 652-53 (2004); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005). Petitioner does not argue that he meets the requirements of § 2254(e)(2), and instead the parties' dispute focuses on whether petitioner exercised diligence in his state court habeas petitions.

Respondents contend that the record should not be expanded because petitioner has not acted diligently because he did not seek an evidentiary hearing in state court. "While 'diligence' has not been precisely defined in this context, the Supreme Court has advised that '[d]iligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law.' *Williams v. Taylor (Williams II)*, 529 U.S. 420, 437 (2000)." *Libberton v.*

---

[2] Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
> (A) the claim relies on-
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

*Ryan*, 583 F.3d 1147, 1165 (9th Cir. 2009). However, as petitioner notes, in *Williams II* the Supreme Court also stated: "For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, *if possible*, all claims of constitutional error." *Williams II*, 529 U.S. at 437 (emphasis added); *see also Cooper-Smith*, 397 F.3d at 1241 (Diligence "depends upon whether petitioner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."). Petitioner argues that his mental illness precluded him from requesting an evidentiary hearing in state court, and that his failure to seek such a hearing in state court should not be construed as a lack of diligence. Petitioner notes that throughout the state court habeas proceedings he acted *pro se*, with the help of a fellow inmate. Petitioner argues that as a result of his mental illness, he was unable to seek funding from the state court, obtain an expert witness, arrange for himself to be examined for symptoms of organic brain damage and other neurological testing, and submit to the state court an expert report and documentation of his psychiatric treatment in the state prison.

This Court has already held that petitioner was entitled to equitable tolling of the statute of limitations based on "uncontroverted evidence that [petitioner] had acute psychiatric symptoms as early as February 10, 2005," and that "Petitioner's mental health history encompasses a genetic predisposition for schizophrenia, severe head trauma, and hallucinations." July 21, 2008 Order at 2. In light of petitioner's mental health history, and the fact that he was representing himself throughout the state court habeas proceedings, the Court finds that there was no lack of diligence.

Respondents also contend that if the record is augmented, the new evidence would render petitioner's claims unexhausted. Respondents do not identify any specific way in which Dr. Khazanov's declaration transforms the claims such that they would be unexhausted. A petitioner satisfies the exhaustion requirement if the petitioner has "fairly presented" the federal claims to the state's highest court provide it with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). A claim has been "fairly presented" if the petitioner has described both the operative facts and the "the constitutional claim . . . inherent in those facts." *Picard v. Connor*, 404 U.S. 270, 277 (1971). New factual allegations render a claim unexhausted if they "fundamentally alter the legal claim already considered by the state courts."

*Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

The Court finds that Dr. Khazanov's declaration and the records on which she relied do not render petitioner's claims unexhausted. The *pro se* state court habeas petitions set forth the same basic claims based on the same basic facts as those alleged in the federal petition. For example, the state habeas petition filed with the California Supreme Court asserted that petitioner had been denied his Sixth and Fourteenth Amendment rights because he was "tried and adjudicated to punishment while he is mentally incompetent," he was not provided with counsel, and he was deprived of his right to a jury trial. Docket No.11, Ex. 7. The state habeas petitions were also accompanied by the *Keyhea* involuntary medication petitions and orders[3], and the reports of petitioner's hospitalization and rehabilitation after suffering a severe brain injury in 1999 that resulted in a coma and brain damage. *Id*. Ex. 8-9. Rather than fundamentally altering the claims that were presented to the state courts, Dr. Khazanov's declaration merely provides additional evidentiary support for those claims. *See Landrigan v. Schriro*, 441 F.3d 638, 648 (9th Cir. 2006) (en banc), *rev'd on other grds*, 550 U.S. 465 (2007). Accordingly, the Court GRANTS petitioner's motion to augment the record. (Docket No. 36).

**IT IS SO ORDERED.**

Dated: January 14, 2010

SUSAN ILLSTON
United States District Judge

---

[3] In *Keyhea v. Rushen*, 178 Cal. App. 3d 526 (1986), the state appellate court "upheld a consent decree affirming the right of state prisoners to refuse antipsychotic medications except under certain limited circumstances." *In re Qawi*, 32 Cal.4th 1, 21 (2004). Under California law, the *Keyhea* procedures govern the involuntary administration of antipsychotic medications.